Hah, Judge,
dissented. He said, that writers on the English Court of Chancery divide its jurisdiction into four parts: the Common Law jurisdiction; the Equity jurisdiction; the Statutory 'jurisdiction; and, lastly, the specially delegated jurisdiction.
The subject matter of this bill cannot fall within the first. If it fali under the second, it must be under that division of it which we call trusts. In that light, it must he regarded merely as a trust, and unconnected with the statute of the 43d Elizabeth. In order that it may be supported on that ground, there must be trustees, and a trust to some person or persons, or to some particular definite object, marked out so that the trustees can be compelled to carry the trust into effect by those who are the objects of it. Here there, are trustees; but it depends upon their will and discretion to point out and select persons as objects of the testator’s bounty. There is no ces- *135 iui que trust, who can call for the execution of the trust. The charity cannot therefore be carried into effect and established independent of tfie statute of Elizabeth, for want of an equitable devisee. Another objection to this devise is, that it cannot be sustained at Law. Our Bill of Rights declares, tiiat perpetuities and monopolies are contrary to the genius of a free State, and ought not to be allowed. And the 43d section of the Constitution declares, that the future Legislature of the State Rostid regulate entails in such manner as to prevent perpetuities. At that time, perpetuities appeared most prominent in estates tail, and the clause in the Constitution just recited was inserted with a view to them. But the clause in the Bill of Rights was inserted to prevent perpetuities generally. To make the present devise sustainable, it must harmonise with that high authority. If the trustees die, the legal estate given' to them will pass into other hands, and, in contemplation of Law, will last forever. And the trust, which cannot exist without it, and is wholly dependent upon it, will have a co-equal existence. Thus a portion of property would, by a decree of this Court, be locked up forever, and withdrawn from any ownership by which it might be aliened. It cannot be disposed of without a breach of trust, except such disposition be for the benefit of the charity. It cannot go in debt. It is doomed to its course, and will admit of no deviation. It is not a good executory devise, which may last for a life or lives in being and twenty-one years afterwards; but it is a devise that may last forever, and must not be interrupted. The devise may be laudable ; but the end cannot sanctify the means. Were these trustees a corporation, these objections might vanish. But this Court, in the exercise of its ordinary powers as a Court, of Equity, does not possess the power of creating corporations.
I will now enquire for a moment, whether this case falls within either the third or fourth division of the Chancellor’s jurisdiction; and this enquiry I will make as to both at the same tima.
*136 The King, as parens patrien, lias the general superintendence of all charities, which he exercises by his Chancellor, the keeper of his conscience. The Chancellor possesses and exercises this power by virtue only of such delegation ; and such power thus delegated, is the foundation, of which the statute 43 Eliz. c. 4, is the superstructure. To that power of superintending charities which the Chancellor, as the keeper of the King’s conscience, possesses, the statute addf the power of enquiring into all abuses of charitable donations, and rectifying the same by decree. Thus, then, the power which the King possesses of creating corporations, the power which he delegates to the Chancellor, of enquiring into abuses of charitable trusts, and correcting the same, are powers, when united, sufficient to determine all questions relative to charities ; and sufficient to establish corporations, and then vest in them all donations agreeably to the will of the testator or donor. In the case before us, the trustees could be converted into a corporation, and the property vested in it, to be applied as the testator has directed. In that case, there could be no objection to it as a perpetuity. Our Court of Equity, clothed with all the power which the statute of Elizabeth could give, cannot create a corporation»